IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Shannon M. Lancaster,                    )
                                         )
                    Petitioner,          )     Civil Action No. 8:21-cv-03591-TMC
                                         )
vs.                                      )     **ORDER**
                                         )
Warden  of  Perry  Correctional         )
Institution,                             )
                                         )
                    Respondent.          )
_____ )

Petitioner Shannon M. Lancaster ("Petitioner"), a state prisoner proceeding *pro se*, filed

this Petition for Writ of Habeas Corpus on November 1, 2021. (ECF No. 1). In accordance with

28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to

a magistrate judge for pretrial handling. On February 28, 2022, Respondent filed a Motion for

Summary Judgment. (ECF No. 24). Petitioner filed a response in opposition to the motion, (ECF

No. 27), to which Respondent replied, (ECF No. 28). On April 14, 2022, the magistrate judge

issued a Report and Recommendation ("Report"), recommending the court grant Respondent's

motion for summary judgment and deny Petitioner's petition. (ECF No. 30). Petitioner filed

objections to the Report, (ECF No. 32), and this matter is now ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court

remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d

68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is

charged with making a *de novo* determination of those portions of the Report to which a specific

objection is made, and the court may accept, reject, modify, in whole or in part, the

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also

be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985)) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## PROCEDURAL HISTORY

The magistrate judge thorough set forth the background and procedural history in her Report, to which Petitioner does not object and which the court, therefore, incorporates herein. *See* (ECF No. 30 at 2–5). Briefly, on October 3, 2016, Petitioner was indicted by the Spartanburg County Grand Jury for trafficking in methamphetamine. (ECF No. 23-3 at 4–5). On March 14, 2017, Petitioner, represented by attorney Ricky Keith Harris, pled guilty and was sentenced to fifteen years imprisonment. *See* (ECF No. 23-1 at 3–20). Subsequently, Petitioner filed two motions for reconsideration—one through counsel and one *pro se*—seeking to withdraw his guilty plea and for reconsideration of the fifteen-year sentence. *Id*. at 21, 23–24. Petitioner's motions for reconsideration were denied, *id*. at 26–27, and Petitioner then appealed asserting "the court erred in denying [his] post-trial motion when his guilty plea was coercive[,]" (ECF No. 23-4 at 4). His appeal was summarily dismissed, and the remittitur was entered on August 10, 2018. (ECF Nos. 23-5; 23-6).

Petitioner filed his first application for post-conviction relief ("PCR"), *pro se*, on September 4, 2018, alleging his guilty plea was involuntary and asserting ineffective assistance of counsel. (ECF No. 23-1 at 28–44). Specifically, Petitioner alleged that counsel was deficient in

failing to properly investigate the case; "fail[ing] to have a proper defense for p[h]ysical evidence[;]" "coercing the defendant into a guilty plea[;]" failing to move to suppress evidence, and failing to challenge jurisdiction. *Id*. at 29–30, 35–41. Petitioner later submitted an amended PCR application on September 18, 2018, raising an additional claim for ineffective assistance of counsel again based on his plea counsel's failure to file a motion to suppress. (ECF No. 23-2 at 1–2). An evidentiary hearing was held on Petitioner's application on February 20, 2020. *See id*. at 5–63. At the hearing, Petitioner was represented by counsel, and both Petitioner and his plea counsel testified. *See id*. Following the hearing, the PCR judge entered an order denying and dismissing Petitioner's PCR application with prejudice. *Id*. at 89–106; (ECF No. 23-3 at 1–3).

Petitioner then appealed the PCR court's order by filing, through counsel, a *Johnson*[1] Petition for a Writ of Certiorari to the South Carolina Supreme Court.[2] (ECF No. 23-7). PCR counsel simultaneously filed a petition to be relieved as counsel. *Id*. at 16–17. Petitioner only raised one issue on appeal:

> Whether the PCR court erred where it found counsel provided effective representation where counsel failed to recognize and advise Petitioner that evidence in the case against him might be suppressed pursuant to the South Carolina Homeland Security Act, since counsel's failure to advise Petitioner of this important potential defense resulted in Petitioner's entry of a plea that was not voluntary, knowingly, and intelligently made[.]

*Id*. at 3. Petitioner filed a *pro se* response to the *Johnson* petition on February 3, 2021. (ECF No. 23-9). The appeal was transferred to the South Carolina Court of Appeals, (ECF No. 23-10), and

---

[1] *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).
[2] As the magistrate judge correctly noted in her Report, a *Johnson* petition is the South Carolina state court PCR appeal equivalent to an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and effectively concedes that the appeal lacks merit and provides a mechanism through which counsel may withdraw.

on September 3, 2021, the Court of Appeals denied certiorari and granted PCR counsel's request to withdraw (ECF No. 23-11).

While his first PCR action was still pending, Petitioner filed a second application for PCR on the ground that "counsel and the Court [failed] to investigate the laws of South Carolina as to whether they were 'Affixed' with the impression of the Great Seal of South Carolina." (ECF No. 23-13 at 8). This second application was dismissed as untimely and successive. *See* (ECF No. 23-14). Petitioner again attempted to appeal the dismissal, *see* (ECF No. 23-15), but the South Carolina Supreme Court summarily dismissed his appeal because he had "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper." (ECF No. 23-16).

Consequently, Petitioner initiated this action on November 1, 2021, alleging that his guilty plea was unconstitutional and claiming ineffective assistance of counsel. (ECF No. 1). In particular, Petitioner asserted that his plea counsel's "failure to advise Petitioner that he could challenge the admissibility of the recording [of the drug buy] was ineffective assistance rendering the plea involuntary and unknowingly [made]." *Id.* at 5. Petitioner subsequently filed an amendment to his petition adding a second claim, set forth below:

> Ground 2: The state [PCR] court decision was contrary to or an unreasonable application of clearly established federal law of *Strickland v. Washington*. Counsel failed to investigate and file a suppression motion, pursuant to the Spartanburg County Sheriff's Office Investigator James Ruane illegally acting in his official capacity outside his jurisdiction and enters into Cherokee County to participate in a drug buy without a multi-jurisdictional agreement. The Investigator Ruane was required by law to obtain a multi-jurisdictional agreement to lawfully act outside his jurisdiction and investigate illegal drug activity inside Cherokee County. Petitioner testified if he had known that Investigator Ruane had illegally acted outside his jurisdiction then Petitioner would not have pleaded guilty but would have exercised his right to trial and had counsel move for a suppression motion or motion to dismiss on this ground.

(ECF No. 1-3 at 1).

On February 28, 2022, Respondent filed his return and a Motion for Summary Judgment. (ECF Nos. 23; 24). Petitioner filed a response in opposition to Respondent's motion, (ECF No. 27), and Respondent replied (ECF No. 28). The magistrate judge entered her Report on April 14, 2022, recommending the undersigned grant Respondent's motion (ECF No. 24) and deny the Petition (ECF Nos. 1; 1-3). (ECF No. 30). As discussed above, Petitioner filed objections to the Report. (ECF No. 32).

## MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 30 at 21). The magistrate judge first set forth the standards for determining whether the PCR court's ruling was contrary to or an unreasonable application of federal law—in particular, *Strickland* and *Hill*.[3]  *Id*. at 14–17. As the magistrate judge correctly noted, the Supreme Court has recognized two instances when a state court decision will be deemed contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

*Id*. at 14–15 (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). Similarly, "a state court decision is an unreasonable application of Supreme Court precedent when the decision 'correctly

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (establishing the two-part test for ineffective assistance of counsel: (1) counsel was deficient in his or her representation and (2) the defendant was prejudiced by such deficiency); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (establishing that, in the specific context of a guilty plea, the prejudice prong of *Strickland* is satisfied by showing "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial").

identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case.'" *Id*. at 15 (quoting *Williams*, 529 U.S. at 407–08). The magistrate judge then recognized that "[b]oth of Petitioner's grounds for relief depend on his allegation that he received ineffective assistance of counsel" such that "'the pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

As to Petitioner's first claim that counsel was ineffective in failing to advise him that certain evidence could have been suppressed because it was made without a court order, the magistrate judge found that the PCR court's decision was not an unreasonable application of *Strickland* nor was its conclusion the result of unreasonable findings of fact. *Id*. at 19. Specifically, the magistrate judge noted the PCR court set forth the applicable standards under *Strickland* and *Hill* as well as the pertinent state and federal laws concerning the interception of oral communications. *Id*. at 17; *see also* (ECF No. 23-2 at 97–100, 102–03). Applying these standards, the PCR court found the recording was not prohibited under either state or federal law and concluded that

> because the recording of [Petitioner] does not fall under these definitions or the prohibited acts, Counsel was not deficient in failing to investigate into an application by the investigator, to make sure a judge entered an order, to advise the Court of allegedly illegal actions or to investigate a search and seizure issue, because the conduct did not fall under the statute requiring these actions on Counsel's part.

(ECF No. 23-2 at 103); *see also* (ECF No. 30 at 17–18). Based on the PCR court's analysis and findings, the magistrate judge concluded that "the PCR court applied the correct legal standard and, because the record fails to demonstrate the court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived as a result

different from Supreme Court precedent, . . . the state court's decision was not contrary to applicable Supreme Court precedent." (ECF No. 30 at 18).

The magistrate judge further noted that she could not find the PCR court's application of *Strickland* on this claim to be unreasonable, particularly in light of the fact that "[t]he PCR court's determination that plea counsel was not deficient depended largely on the court's interpretation of state law concerning the legality of recording oral communication." *Id*. As the magistrate judge correctly indicated, a state court's interpretation of state law is entitled to deference. *Id*. (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Moreover, to the extent the PCR court's decision was based on its determination that the recording was not prohibited under federal law, the magistrate judge found that Petitioner has not shown the PCR court unreasonably applied *Strickland* to reach that conclusion. *Id*. at 19. Accordingly, the magistrate judge recommended summary judgment be granted to Respondent as to Petitioner's first claim. *Id*.

The magistrate judge then considered Petitioner's second argument that his counsel was ineffective in failing to move for suppression of evidence obtained by an investigator acting outside his jurisdiction and without a multi-jurisdictional agreement. *Id*. at 19–21. The magistrate judge found that the PCR court thoroughly considered and rejected Petitioner's claim because, while "state law generally forbids law enforcement officers from acting outside of their jurisdiction[,] . . . the general rule did not prevent what Investigator Ruane had done in Petitioner's case." *Id*. at 20 (citing ECF No. 23-3 at 2). As the PCR court explained,

> [T]here was nothing illegal or improper for the investigator to pick up [Petitioner] in Cherokee County and bring him to Spartanburg County for an undercover drug operation. The officers were acting like private citizens while acting outside of their assigned jurisdiction, rendering any extra-jurisdictional activities lawful, as per *State v. Harris*, 299 S.C. [157,] 159, 382 S.E.2d [925,] 926 [(1989)]. Much like in *Harris*, giving someone a ride to a house in another county is something private citizens can engage in and, as

such, officers did not act unlawfully when doing so while representing themselves as private citizens. Further, all the charges against [Petitioner] resulted from conduct occurring in Spartanburg County.

(ECF No. 23-3 at 2); *see also* (ECF No. 30 at 20). Thus, because the PCR court found there was no unlawful activity, he found plea counsel was not ineffective for failing to file a motion to suppress the evidence. (ECF Nos. 23-3 at 2; 30 at 20).

The magistrate judge recognized that, as with Petitioner's first claim, the PCR court's determination that no unlawful conduct occurred "relie[d] squarely on the interpretation of state law—[specifically], what conduct requires a multi-jurisdictional agreement." (ECF No. 30 at 20). The magistrate judge noted, therefore, that "[t]his court does not have the authority to re-examine the PCR court's determination as to that state-law issue." *Id*. at 20–21. The magistrate judge further noted that, beyond his mere disagreement with the PCR court's conclusion, Petitioner "fails to identify how the PCR court's decision is either the result of unreasonable factual findings or an unreasonable application of federal law." *Id*. at 21. Therefore, the magistrate judge concluded that the PCR court's decision was neither contrary to nor an unreasonable application of *Strickland*. Accordingly, the magistrate judge recommended the court grant summary judgment for Respondent as to this claim too. *Id*.

## DISCUSSION

Petitioner filed objections to the Report. *See* (ECF No. 32). However, Petitioner makes no specific challenges to any of the magistrate judge's findings or conclusions. *See id*. Rather, Petitioner merely repeats—almost verbatim—allegations and arguments raised in his response to the motion for summary judgment, *compare* (ECF No. 32), *with* (ECF No. 27), which the magistrate judge has already thoroughly considered, *see* (ECF No. 30). It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the

9

magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).

Liberally construed, Petitioner asserts that the magistrate judge erred by failing to consider Petitioner's argument that the investigator unlawfully recorded oral communications while outside of his jurisdiction. *See* (ECF No. 32 at 6). As discussed above however, the magistrate judge thoroughly considered Petitioner's argument on this point as well as the PCR court's analysis and conclusions. *See* (ECF No. 30 at 19–21). Thus, Petitioner's argument that the magistrate judge "never considered" this argument is demonstrably false and this objection is overruled.

The remainder of Petitioner's objections amount to no more than disagreement with the magistrate judge's conclusions, without identifying any error of law or fact therein, that the PCR court's decision was not an unreasonable application of *Strickland* and that its interpretation of state law is entitled to deference. *See* (ECF No. 32 at 5). However, objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA,

2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, the court need only review this portion of the Report for clear error.  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 30), and incorporates it herein.  Accordingly, Respondent's Motion for Summary Judgment (ECF No. 24) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
May 13, 2022